UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANTHONY J. GRAY-BEY,                             CIVIL NO. 07-4196 (JNE/JSM)

    Petitioner,

v.                                               REPORT AND RECOMMENDATION

W. CRUZ, Warden,

    Respondent.

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge upon respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 as Moot. [Docket No. 13]. This matter was decided on the submissions of the parties.

This matter has been referred to this Court for a Report and Recommendation pursuant 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72.1(c).

Petitioner appears pro se; Respondent appears by Leshia M. Lee-Dixon of the United States Attorney's Office.

For the reasons discussed below, it is recommended that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 as Moot [Docket No. 13] be granted, and that the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed.

I.     **BACKGROUND**

On August 27, 1990, Petitioner was sentenced to 256 months in prison followed by five years supervised release for conspiring to distribute cocaine in violation of 21 U.S.C. § 846,

1

possessing cocaine with an intent to distribute in violation of 21 U.S.C. § 841(a)(1), using a telephone to facilitate drug trafficking in violation of 21 U.S.C. § 843(b), and using a firearm during drug trafficking in violation of 18 U.S.C. § 924(c). See Gray-Bey v. United States, 156 F.3d 733, 735 (7th Cir. 1998); Declaration of Ann Norenberg ("Norenberg Decl."), p. 2, ¶ 3.

It is within the Bureau of Prison's ("BOP") discretion to reduce an inmate's sentence by up to twelve months if the inmate completes a Residential Drug Abuse Program ("RDAP"). Norenberg Decl., p. 2, ¶ 4. However, certain violent crimes convictions preclude an inmate from receiving the early release benefit. Id. at pp. 2-3, ¶ 5. Petitioner's conviction under 18 U.S.C. § 924(c) was determined by the BOP to fall within the category of violent crimes that precludes receipt of the early release benefit. Id.

On January 19, 1993, Petitioner began participating in the RDAP program. Norenberg Decl., p. 3, ¶ 7. Petitioner completed the required residential and non-residential components by January 26, 1995. Id. On July 19, 1995, Petitioner's eligibility for early release under 18 U.S.C. § 3621(e) was assessed and he was found not eligible due to his conviction pursuant to 18 U.S.C. § 924(c).[1] Id. Petitioner appealed this decision and sought an administrative remedy at the institutional level, and his request was denied. Id. at p. 4, ¶ 8. Petitioner also appealed to the Regional Office where his request was denied because it was improperly formatted. Id. Petitioner's subsequent appeal to the Regional Office was untimely and therefore denied. Id. Petitioner sought no further action through the administrative remedy program to pursue his appeal. Id. According to Respondent, "[p]etitioner has acknowledged

---

1   According to Ann Norenberg, in a sworn declaration, the BOP's determination of Petitioner's ineligibility was based on Program Statement 5162.02, Definition of Term, "Crimes of Violence." Norenberg Decl., p. 4, ¶ 7.

that he has not properly exhausted the administrative remedy program, and merely states it would be futile." Id.

Petitioner's projected release date was March 30, 2009. Norenberg Decl., p. 2, ¶ 3. On October 9, 2007, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to § 2241 [Docket No. 1]. Petitioner claimed that his statutory and due process rights under 18 U.S.C. § 3621, 5 U.S.C. § 706, and the Due Process Clause of the Fifth Amendment were violated by Respondent's refusal to find him eligible for a reduction in his sentence. See Petition at pp. 3, 3a. Petitioner sought "declaratory and injunctive relief, granting him a one-year reduction on his sentence, on the grounds that the BOP's interim rule, P.S. 5162.02, together with 18 U.S.C. § 924(c)(3), is void, and the BOP's application of it to the facts of Petitioner's case, are arbitrary and capricious for its failure to comply with the Administrative Procedures Act (APA)." Id. at p. 3f.

Respondent filed a response to the Petition asserting that Petitioner did not have a due process right to a sentence reduction, and the Petition should be dismissed for failure to exhaust administrative remedies. See Gov't Response to Petition [Docket No. 6].

Petitioner was released from custody on March 30, 2009.[2] On May 13, 2009, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 as Moot. [Docket No. 13]. Respondent asserted that Petitioner's "challenge for early release is now moot" because Petitioner had been completely released from custody, including home confinement. Id. at 1-2. Petitioner did not file a reply to Respondent's motion to dismiss.[3]

---

[2] See http://www.bop.gov (using "Inmate Locator" and Petitioner's Register Number 01078-424).

3

## II.  DISCUSSION

The Court need not address the merits of this Petition or address Respondent's earlier arguments that Petitioner did not exhaust his administrative remedies because the Court finds that this Petition must be dismissed as moot. "Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies . . . [w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003); see Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998); Ali v. Cangemi, 419 F.3d 722, 723-24 (8th Cir. 2005). This requirement exists at all stages of the federal judicial proceedings. Potter, 329 F.3d at 611.

It is insufficient that Petitioner's claim was active when he filed his Petition. In order for the Petition to meet the case or controversy requirement, the Petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). The case or controversy requirement is satisfied while a habeas corpus petitioner is incarcerated because petitioner could receive meaningful relief, i.e. release from custody. Spencer v. Kemna, 523 U.S. 1, 7 (1998). However, once a petitioner has served his or her sentence and has been released from custody, "concrete and continuing injury other than the now-ended

---

[3]    When Respondent originally filed its motion to dismiss on May 13, 2009, it sent a copy to Petitioner at the Federal Prison Camp in Duluth, Minnesota. Because Petitioner had already been released from FPC-Duluth, Respondent subsequently mailed Petitioner notice of the motion at his last known address. See Certificate of Service dated June 8, 2009 [Docket No. 14]. On June 9, 2009, this Court entered an Order directing Petitioner to show cause why his Petition should not be summarily dismissed, and gave Petitioner until July 3, 2009 to respond to the Motion to Dismiss. See Order dated June 9, 2009 [Docket No. 15]. To date,

4

incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained." Id. Examples of collateral consequences may include restrictions on voting rights, the right to serve as a juror, the right to take part in certain businesses, or the right to take part in certain labor union activities. Carafas v. LaVallee, 391 U.S. 234, 237 (1968). "However, a habeas petitioner cannot rely on the collateral consequences of his conviction to save his case from mootness if he is not actually challenging the validity of his conviction." Woodard v. Fondren, 2008 WL 5214396 at *1 (D.Minn. Dec. 12, 2008); see also Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").

In the present case, Petitioner is not challenging his conviction under 18 U.S.C. § 924(c). Rather, he is seeking a writ of habeas corpus that would invalidate the BOP's discretionary decision, which ultimately denied Petitioner a one-year reduction in his prison sentence. Because Petitioner has already been released from prison, allowing a one-year reduction in his sentence would confer no benefit on Petitioner. Therefore, there is no longer a live case or controversy in this matter and the instant petition is now moot. See Gore v. Fondren, 2008 WL 4787652 at *5 (D.Minn. Oct. 31, 2008) ("For purposes of determining whether there still is a 'live' case or controversy, that is presented by this case, it does not matter that the Petitioner may still be subject to conditions of probation, and that he may still be returned to prison if he violates those conditions. The Petitioner's future probation status is governed by the terms of his original sentence, which is not at issue here. The decision as to whether the Petitioner was entitled to a reduction in sentence under Title U.S.C. § 3621(e),

---

Petitioner has not filed a response.

5

following completion of the RDAP, will no longer affect the Petitioner, now that he has been released from prison."); see also Walton v. Holinka, 2008 WL 495523 at *1 (D.Minn. Feb. 21, 2008) ("Where the habeas petition only challenges the continued detention, there is no actual case or controversy for the court to decide because the petitioner is no longer being detained and any order from the court requiring release of such a petitioner would not have any effect.").

IV.	RECOMMENDATION

Based on the foregoing reasons, the Court recommends that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 as Moot [Docket No. 13] be **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus [Docket No. 1] be **DISMISSED** as moot.

Dated:	August 20, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 8, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.